WESTERN NEW YORK INSTITUTION FOR DEAF–MUTES v. YATES COUNTY.

(Supreme Court, Appellate Division, Fourth Department. April 5, 1904.)

1. DEAF-MUTE—EDUCATION BY COUNTY—CHANGE OF PARENTS' RESIDENCE—EFFECT ON COUNTY'S LIABILITY.

Laws 1892, p. 56, c. 36, § 2, provides that any parent, guardian, or friend of a deaf-mute child over 5 and under 12 may apply to the overseer of the poor of any town or to any county supervisor where such child may be, showing "that the health, morals or comfort of such child may be endangered or not properly cared for," and it shall be the duty of such officer to place the child in one of several named institutions. Laws 1875, p. 188, c. 213, § 3, provides that such children shall be maintained therein "at the expense of the county from whence they came" until they are 12 years old, and section 4 provides that such expenses shall be raised and collected as are other expenses "of the county from which such children shall be received." *Held*, that the fact that the parents of a deaf-mute, during the period for which a county had contracted to become liable for the child's support at a certain institution, acquired a residence in another county, did not relieve the county of liability.

Submitted controversy by the Western New York Institution for Deaf-Mutes against the county of Yates. Judgment for plaintiff.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

William A. Sutherland, for plaintiff.
M. A. Leary, for defendant.

SPRING, J.  The plaintiff is a corporation, located in the city of Rochester, designed for the education of deaf-mutes, and was incorporated in pursuance of chapter 319, p. 447, of the Laws of 1848, and receives pupils conformably to the regulations of the State Board of Charities. Article 8, § 14, State Const. Under the statutes of the state a deaf-mute over 5 years and under 12 years of age may be maintained in a deaf-mute institution, at the expense of the county from which he is received, until the pupil reaches the age of 12 years. Chapter 325, p. 546, Laws 1863, as amended by chapter 180, p. 473, Laws 1870, and chapter 36, p. 56, Laws 1892. The statutory provision is that "any parent, guardian or friend of a deaf mute child within this state, over the age of five years and under the age of twelve years, may make application to the overseer of the poor of any town, or to any supervisor of the county, where such child may be, showing by satisfactory affidavit or other proof that the health, morals or comfort of such child may be endangered or not properly cared for"; and thereupon it shall be the duty of such officer to place such child in one of the institutions named, which includes the plaintiff. Section 2, c. 36, p. 56, Laws 1892. It is further provided that the children placed in said institutions "shall be maintained therein at the expense of the county from whence they came, provided that such expense shall not exceed three hundred dollars ($300.00) each per year, until they attain the age of twelve years." Section 3, c. 213, p. 188, Laws 1875. And, again, that such expenses "shall be raised and collected as are other expenses of the county from which such children shall be received," upon bills properly authenticated. Section 4, c. 213, p. 188, Laws 1875. Alice Ethel Eddy, a deaf-mute child, was born in the county of Yates in July, 1891, and her parents resided in that county in 1896, when, upon the certificate of the supervisor of the town in which they resided, the child was received by the plaintiff, as a deaf-mute, "for the term of seven (7) years from the 20th day of July, 1896, to the 20th day of July, 1903 (she being then twelve years of age) to be educated and supported therein during that period, at the expense of the county of Yates." The child has since remained with the plaintiff up to July 20, 1903, and the charges for her support were paid by said county until October 1, 1898. The parents of the child resided in that county until April, 1898, when they removed to Ontario county, where they have since resided. This action is to recover for the maintenance and education of said deaf-mute from October 1, 1898, to July 20, 1903.

The defendant contends that when the parents lost their residence in the county of Yates it ceased to be liable for the support of their child, as her residence became that of her parents. We do not accept this contention. The essence of the statute authorizing the reception of deaf-mute children in one of the state institutions is contained in the provision "that the health, morals or comfort of such child may be

endangered or not properly cared for," and upon satisfactory proof of that fact it becomes the duty of the supervisor or overseer of the poor to place such child in one of the institutions designated. The original statute. (section 2, c. 325, p. 546, Laws 1863) required that the officer to whom the application was made should be satisfied that the parents of the child "are in indigent circumstances," but that provision is not contained in the amended statute, although we apprehend the change is unimportant in the consideration of this case. In any event, the reception of deaf-mute children in these institutions is authorized solely by the statute, and in plain language it charges the expenses of their maintenance upon "the county from whence they came." There is no provision requiring the directors of the institution to keep track of the parents of the children, and to transfer the liability as their county residence may change. The obligation is imposed upon the application of the named officer residing in the county where the child lives; and, when the liability is once created, it continues without change as long as the child remains an inmate of the institution, until, at the age of 12 years, by another provision of the statute, he becomes a state pupil. The original charge was contractual in its nature, voluntarily assumed, as the statute prescribed, by the county of Yates, including the continuance of the liability for the period of seven years. The county of Ontario was in no way responsible for the placing of the unfortunate in the institution, and there is no provision of law by which the burden can be shifted upon it. Our conclusion is that the fact that during the continuance of the seven years for which the county of Yates became liable to pay the plaintiff for the support and maintenance of the deaf-mute her parents acquired a residence in another county did not operate to change the contract liability of the county of Yates, and which was imposed upon it by virtue of the statute.

The plaintiff is entitled to judgment for $1,441.67, with interest, in accordance with the stipulation, together with the costs of this action. All concur.